UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.J. EGELSTON, individually and on behalf
of all others similarly situated,

    Plaintiff,                                            Case No. 06-13555
                                                          Hon. Gerald E. Rosen

v.

HEARTLAND INDUSTRIAL
PARTNERS, L.P., *et al.,*

    Defendants.
_____/

ORDER REGARDING MOTION
OF SCOTT EGLESTON TO INTERVENE AND
SUBSTITUTE FOR K.J. EGLESTON AS LEAD PLAINTIFF

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    January 21, 2009

PRESENT:   Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

      By motion filed on December 10, 2008, Scott Egleston seeks leave to intervene and substitute for his late brother, K.J. Egleston, as lead plaintiff in this action. Defendants Heartland Industrial Partners, L.P. and Heartland Industrial Associates, L.L.C. have filed a response in opposition to this motion, pointing to a troubling delay of over a year between the death of K.J. Egleston and the filing of the present motion, and arguing that Scott Egleston has failed to make a sufficient showing of his suitability to serve as lead plaintiff.

The Court addressed this motion at a January 12, 2009 hearing. As indicated at the hearing, the Court shares Defendants' concern about the delay in securing a substitute for K.J. Egleston, and further agrees that Scott Egleston and his counsel have not yet made a particularly compelling showing that he is the "most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i), such that he should be appointed as lead plaintiff. Nonetheless, the Court finds, at least for present purposes, that Scott Egleston is sufficiently qualified to serve in this role, and that he should be appointed as lead plaintiff until such time as it should appear — whether through Defendants' filing of specific objections or otherwise — that another member or members of the purported class would be better suited for this role. As indicated at the January 12 hearing, Plaintiff's counsel should continue to investigate the possible suitability of others to serve as lead plaintiff, in the event that it is determined that Scott Egleston should not remain in this role.

Accordingly, for the reasons stated at the January 12, 2009 hearing,

NOW, THEREFORE, IT IS HEREBY ORDERED that Scott Egleston's December 10, 2008 motion to intervene and substitute for K.J. Egleston as lead plaintiff (docket #85) is GRANTED. IT IS FURTHER ORDERED that K.J. Egleston is withdrawn as lead plaintiff in this action, that Scott Egleston is permitted to intervene pursuant to Fed. R. Civ. P. 24, and that Scott Egleston is substituted as lead plaintiff in this action. As indicated at the January 12 hearing, this ruling is without prejudice to

Defendants' opportunity to revisit the issue of Scott Egleston's suitability as lead plaintiff, as warranted by future developments as this case goes forward.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: January 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2009, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager