**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

K.J. EGLESTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HEARTLAND INDUSTRIAL PARTNERS, L.P., a Delaware limited liability partnership, HEARTLAND INDUSTRIAL ASSOCIATES, L.L.C., a Delaware limited company, DAVID A. STOCKMAN, J. MICHAEL STEPP, and BRYCE M. KOTH,

Defendants.

Case No. 2:06-cv-13555-GER-SDP

Honorable Gerald E. Rosen

**OPPOSITION OF DEFENDANT DAVID A. STOCKMAN TO**
**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Andrew B. Weissman
Peter G. Neiman
Lauren R. Yates
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6612

Patrick M. McCarthy (P49100)
HOWARD & HOWARD ATTORNEYS, P.C.
101 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 222-1097

*Attorneys for Defendant David A. Stockman*

Date: March 17, 2009

**CONCISE STATEMENT OF THE ISSUE PRESENTED**

Whether Mr. Stockman should be compelled to breach an agreement with the United States Attorney's Office by producing confidential witness statements obtained from the United States Attorney's Office on the express promise that they would neither be disseminated to anyone nor used for any purpose other than the defense of the criminal case then pending against Mr. Stockman.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

## Cases

*In re Atlantic Financial Federal Sec. Litigation*, 1992 WL. 50074 (E.D. Pa. Mar. 3, 1992) ....................6

*In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir. 1995) ....................6

*In re Colonial Sav. & Loan Association v. St. Paul Fire & Marine Insurance Co.*, 89 F.R.D. 481 (D. Kan. 1980)....................6

*United States v. Fried*, 1989 WL. 88495 (6th Cir. Aug. 7, 1989) ....................6

*United States v. Reyes*, Dkt. No. 08-10047 (9th Cir. 2008)....................7

## Statutes

18 U.S.C. §3500....................2, 7

# TABLE OF CONTENTS

Pages

CONCISE STATEMENT OF THE ISSUE PRESENTED ........ i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........ ii

Facts ........ 1

Argument ........ 5

I. The USAO Stipulation Prevents Mr. Stockman from Producing the Witness Interview Notes and this Court Should Honor the Stipulation. ........ 5

II. Parties Generally Treat §3500 Material as Special and Confidential, and Not Subject to Broader Dissemination. ........ 6

Conclusion ........ 7

Defendant David A. Stockman respectfully submits this opposition to the motion by Plaintiff Scott Egleston to compel the production of documents by Mr. Stockman. *See* Plaintiff's Motion to Compel Production of Documents from Defendant Stockman (Mar. 3, 2009) ("Motion"). Plaintiff seeks to compel the production of interview memoranda from the 2005 Audit Committee investigation of Collins & Aikman Corporation ("C&A") and notes of witnesses interviewed during the Government's investigation (together, the "Witness Interview Notes"). Motion at 1. Mr. Stockman received the Witness Interview Notes from the United States Attorney's Office for the Southern District of New York ("USAO") during the course of discussions with the USAO aimed at a potential resolution of the criminal case against him. The USAO provided Mr. Stockman with these documents pursuant to a signed stipulation that prohibits Mr. Stockman from further disseminating them or using them outside of the criminal proceeding and refused to waive this stipulation in response to Plaintiff's request. The concern of the USAO to protect against dissemination of the prosecutors' witness interview notes is consistent with prosecutorial practices more generally aimed at maintaining the confidential nature of §3500 material. This Court should uphold the agreement because of the policy considerations underlying such agreements, which can facilitate settlement discussions and ultimately allow prosecutors to achieve the "ends of justice," as indeed occurred in this case. Accordingly, this Court should deny the motion to compel.

**Facts**

Mr. Stockman served as Chief Executive Officer of C&A, a now-bankrupt automotive supplier, from 2003 through 2005. Compl. ¶ 15. Following C&A's bankruptcy, Mr. Stockman and others affiliated with C&A have found themselves embroiled in a series of litigations, including a criminal prosecution, arising from an overlapping set of issues. Among these litigations are the *Egleston* and *Mainstay* class actions. The issues involved in these actions are

far-reaching and include rebate accounting, various C&A acquisitions, C&A's account receivables facility, and C&A's disclosures in 2005.

On March 26, 2007, the USAO unsealed an indictment against Mr. Stockman and three other individuals (the "Criminal Action"). Mr. Stockman pleaded not guilty to the charges and began to conduct discovery in preparation for trial. Also on March 26, 2007, the SEC filed a civil complaint against Mr. Stockman and others in the U.S. District Court for the Southern District of New York that contains substantially similar allegations (the "SEC Action"). As Mr. Stockman had an opportunity to review the massive document production made by prosecutors, he became convinced that he could show that the evidence would not support charges made in the indictment. He began a concerted effort aimed at convincing the USAO that the evidence showed that the case should not go to trial. The USAO was skeptical, but agreed to review a White Paper that laid out in detail why the evidence refuted the charges in the indictment against Mr. Stockman and other defendants. (That White Paper has been produced to plaintiffs as part of the mediation discovery process, pursuant to an order from the mediators.)

After reviewing the White Paper, the USAO took the highly unusual step of providing Mr. Stockman with copies of the Witness Interview Notes many months before the scheduled trial date, and without regard to which witnesses the USAO intended to call at trial, all as part of what had become an effort to re-review the bases for the indictment. This was well beyond what was required by law. *See* 18 U.S.C. §3500 (no statement made by a Government witness or prospective Government witness shall be subject to discovery until that witness has testified at trial). In taking this extraordinary step, the USAO took care to assure that the materials it was providing could not be disseminated or used beyond the confines of this unusual process. The USAO required a signed stipulation, which provided, in relevant part, that (i) "neither this

stipulation nor the [Material provided] shall be disseminated to anyone other than" the defendants and their counsel, and (ii) Mr. Stockman could use the materials "for the sole purpose of preparing [his] defense in the [criminal] litigation." The USAO has since reminded counsel for Mr. Stockman that he is prohibited from disseminating the Witness Interview Notes and that Mr. Stockman himself is restricted from disclosing the statements made in these materials outside of the criminal litigation. Indeed, after entry of the *nolle prosequi* the USAO originally instructed counsel for Mr. Stockman to return or destroy these materials. That direction has not been enforced, however, in light of the pending discovery demand, to assure that there was no inadvertent spoliation of materials.[1] Although the USAO's confidentiality requirement extends to include the stipulation itself, the USAO advised Mr. Stockman that he may quote the relevant portions of the paragraph in question.

The extraordinary "re-review" process culminated in a lengthy meeting between the USAO and Mr. Stockman's defense counsel at which the content of the documentary evidence and the Witness Interview Notes was discussed. Based on the White Paper and the ensuing discussions, on January 9, 2009, the USAO submitted, and the Court entered, a *nolle prosequi* dismissing the indictment based on the USAO's determination that a new assessment of the evidence showed that further prosecution would not be "in the interests of justice."

Discovery in the *Egleston* and *Mainstay* actions proceeded during this period in accordance with an order issued by Judge Tarnow. Consistent with that order, plaintiffs in *Egleston* and *Mainstay* (the "Michigan Plaintiffs") served Mr. Stockman and other defendants with a set of document requests, and on January 30, 2009, Mr. Stockman made an extensive document production. In addition to multiple Concordance databases containing a voluminous

[1] If the Court denies Plaintiff's motion to compel and enforces the stipulation, Mr. Stockman will comply with the USAO's instructions and return the Witness Interview Notes.

set of documents that the SEC produced to Mr. Stockman, Mr. Stockman produced many more concise and identifiable sets of documents requested, including Wells Submissions provided to the SEC by various persons, compilations of rebate-related documents, certain interview memoranda that Mr. Stockman received outside of the scope of the USAO confidentiality stipulation, and compilations of important documents assembled by C&A's outside counsel, Davis Polk. Mr. Stockman also authorized his document hosting vendor to make available to the Michigan Plaintiffs, at their cost (per Judge Tarnow's order), documents the USAO produced to defendants in the Criminal Action (largely duplicative of the SEC documents) that are maintained in a large electronic database.

Currently, the parties to the *Egleston* and *Mainstay* actions are engaged in mediation efforts presided over by Judge Layn Phillips and Judge Thomas Brett. The Michigan Plaintiffs requested the Witness Interview Notes during the course of mediation discovery. Mr. Stockman objected to the production of these documents because he is barred from disseminating them under the stipulation with the USAO. On February 18, 2009, the mediators ruled that Mr. Stockman did not have to produce the Witness Interview Notes until such time as the USAO waives the non-dissemination requirement. *See* Mediators' Ruling of February 18, 2009, at 3 (Motion, Ex. C). To date, there has been no such waiver, other than, as noted above, the USAO's permission to allow Mr. Stockman to place the terms of the confidentiality requirement before the Court. *See* Motion at 5.

In that same Ruling, the mediators overruled Mr. Stockman's objections and ordered production to Michigan Plaintiffs of the White Paper (which Mr. Stockman argued was protected from discovery under Sixth Circuit law as a settlement communication). *See* Mediators' Ruling at 2. Mr. Stockman complied with the ruling, and the Michigan Plaintiffs now have, in addition

to all documents produced in the SEC and Criminal Actions, a 220 page single-spaced submission that addresses in detail the evidence in the document database. The Michigan Plaintiffs now ask the Court to abrogate the confidential arrangement that allowed Mr. Stockman to obtain the Witness Interview Notes by forcing their production in civil discovery.

## Argument

### I. The USAO Stipulation Prevents Mr. Stockman from Producing the Witness Interview Notes and this Court Should Honor the Stipulation.

Mr. Stockman is not free to produce the Witness Interview Notes because he signed a stipulation with the USAO that prevents him from further disseminating these documents. As noted, solely because he agreed to the stipulation, Mr. Stockman received the USAO witness materials for limited purposes. Some of these materials would never have been subject to production by the USAO; the rest were provided outside of the normal criminal discovery process. The USAO was reluctant to share these materials, but did so in the context of the re-review process, after receiving the White Paper. The USAO agreed to provide these materials only under the strict requirements laid out in the stipulation. The "interests of justice" that led to the *nolle prosequi* could never have been realized without a confidential process of this nature.

This Court should be loath to undermine the USAO's ability to enter into such arrangements with criminal defendants designed to find and realize the "interests of justice." Mr. Stockman's receipt of the Witness Interview Notes was an important part of the dialogue that ultimately resulted in the USAO's decision to terminate the prosecution. Future prosecutors will surely be less open to truth-seeking processes of this nature if they know their efforts at confidentiality can be thwarted by civil discovery requests. It is difficult enough now for prosecutors and defendants to engage in efforts to reassess the grounds that led to an indictment. A holding that tells prosecutors they cannot do so without risking dissemination to third parties

of materials they normally keep confidential would make such a process near-impossible. This would impede the possibility of future resolutions like the one that occurred here, which certainly would not be in the public interest.

Courts have in some instances recognized that a party who seeks documents the government provided to another party in confidence should go directly to the government source to obtain the documents. *See In re Atl. Fin. Fed. Sec. Litig.*, 1992 WL 50074, *3 (E.D. Pa. Mar. 3, 1992) (where an agency regulation prohibits the party from producing a report, the requesting party should seek report directly from the agency); *In re Colonial Sav. & Loan Ass'n v. St. Paul Fire & Marine Ins. Co.*, 89 F.R.D. 481, 484 (D. Kan. 1980) (same). *But see In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995). *In re Bankers Trust Co.*, however, addressed restrictions set forth in general agency regulations, not a carefully-negotiated agreement limiting the rights of the recipient of materials from the government to use and disseminate materials not otherwise available absent that agreement. *See id.* at 470. The USAO is the original source of the Witness Interview Notes and the source from which Plaintiff should attempt to obtain these documents.

## II. Parties Generally Treat §3500 Material as Special and Confidential, and Not Subject to Broader Dissemination.

The USAO's effort to maintain the confidentiality of the Witness Interview Notes is consistent with the long-standing practice of prosecutors to keep such materials as confidential as possible. Section 3500 material is thus often subject to special rules and limitations on dissemination. It is a common practice of at least some USAO's to require the return of §3500 materials after the completion of a criminal trial. In some instances courts have mandated the return of such materials to the USAO. *See United States v. Fried*, 1989 WL 88495, *3 (6th Cir. Aug. 7, 1989). Likewise, many USAOs faced with a necessary filing of §3500 materials will

customarily file them under seal. *See, e.g.*, *United States v. Reyes*, Dkt. No. 08-10047 (9th Cir. 2008) (Doc. 29) (Government's motion to file under seal FBI reports of witness interviews).

One reason to enforce the confidentiality agreement regarding the Witness Interview Notes is that §3500 material more generally is produced solely for a special purpose outside of ordinary criminal discovery. A witness statement is subject to discovery in a criminal proceeding only after that witness has testified on direct examination at trial, and only if the statement relates to the subject matter about which the witness testified. 18 U.S.C. §3500. The material is provided for the limited purpose of cross-examination of the witness, and generally is neither shown to the jury nor made a part of the public record. An order that Mr. Stockman must produce the Witness Interview Notes in this case would treat as ordinary discovery what the law treats as a special class of discovery. *Compare* 18 U.S.C. §3500 *with* Fed. R. Crim. Proc. 16. Such an order would be inconsistent with Congress' intent in promulgating §3500.

Mr. Stockman received limited access to the Witness Interview Notes from the USAO specifically and solely for the purpose of engaging in discussions regarding the possible resolution of the criminal proceedings. Strict conditions were imposed to assure limited access and continued confidentiality for these materials, consistent with prosecutorial practices. This Court should not cause the abrogation of those conditions, and thereby undermine the flexibility of prosecutors to seek to pursue the "interests of justice."

**Conclusion**

For all of the foregoing reasons, Plaintiff's motion to compel the production of the Witness Interview Notes by Mr. Stockman should be denied.

Respectfully submitted,

/s/ Andrew B. Weissman

Andrew B. Weissman
Peter G. Neiman
Lauren R. Yates
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6612

Patrick M. McCarthy (P49100)
HOWARD & HOWARD ATTORNEYS, P.C.
101 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 222-1097

*Attorneys for Defendant David A. Stockman*

March 17, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of March, 2009, I electronically filed the foregoing documents with the Clerk using the ECF system which will send notification of such filing to the following: Jeffrey S. Geier, Lea Margaret Haber Kuck, Thomas G. McNeill, Timothy R. Graves, William A. Sankbeil, Joanne G. Swanson, Fred K. Herrmann, Marc L. Newman, Stephen L. Hiyama, E. Powell Miller.

I also hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Fred T. Isquith
Paulette S. Fox
Thomas H. Burt
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY 10016

David E. Swarts
Gandolfo V. DiBlasi
Sullivan & Cromwell
125 Broad Street
New York, NY 10004-2498

Samuel H. Rudman
Lerach, Coughlin
58 S. Service Road
Melville, NY 11747

Bryce M. Koth
22196 Beech Street
Dearborn, MI 48124

/s/ Lauren R. Yates_____________
Lauren R. Yates