UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAINSTAY HIGH YIELD CORPORATE
BOND FUND, on behalf of itself and all
others similarly situated,

 Plaintiff,

Case No. 07-10542

v.

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE STEVEN D. PEPE

HEARTLAND INDUSTRIAL PARTNERS, L.P.,
a Delaware limited liability partnership,
HEARTLAND INDUSTRIAL ASSOCIATES,
L.L.C., a Delaware limited company, DAVID A.
STOCKMAN, J. MICHAEL STEPP, TIMOTHY
D. LEULIETTE, DANIEL P. TREDWELL, W.
GERALD MCCONNELL, SAMUEL VALENTI,
III, JOHN A. GALANTE, BRYCE M. KOTH,
GERALD E. JONES, DAVID R. COSGROVE,
and ELKIN B. MCCALLUM,

 Defendants.

_____

K.J. EGLESTON, individually and on behalf of all
others similarly situated,

 Plaintiff,

Case No. 06-13555

v.

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE STEVEN D. PEPE

HEARTLAND INDUSTRIAL PARTNERS, L.P.,
a Delaware limited liability partnership,
HEARTLAND INDUSTRIAL ASSOCIATES,
L.L.C., a Delaware limited company, DAVID A.
STOCKMAN, J. MICHAEL STEPP, and
BRYCE M. KOTH,

 Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**
**(DKT. #129 IN CASE NO. 06-13555) (DKT. #199 IN CASE NO. 07-10542)**

On May 8, 2009, Plaintiffs filed a Joint Motion to Compel Production of Documents (Dkt. #129 in Case No. 06-13555; Dkt. #199 in Case No. 07-10542). On May 13, 2009, this matter was referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #130 in Case No. 06-13555; Dkt. #200 in Case No. 07-10542). For the reasons stated below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

These cases are federal securities fraud class actions brought by the shareholders of Collins & Aikman Corp. ("C&A") against, among other Defendants, Heartland Industrial Partners, L.P., and Heartland Industrial Associates, L.L.C. (together, "Heartland"). In their motion, Plaintiffs argued that Heartland must produce documents that were responsive to three of their requests:

> **Request 27:** All documents concerning Heartland's ability or inability to monitor, supervise, direct or control C&A's officers, directors, assets, contracts, contract performance, operations and financial accounting.
>
> **Request 32:** All documents concerning payments, fees, disbursements, compensation or consideration paid by C&A or Heartland to any Defendant, including for services relating to C&A; and
>
> **Request 40:** All documents concerning the effect C&A's performance could or did have on any portion of any Defendant's compensation, disbursements or investments including bonuses or other incentive compensation, the grant or vesting of options, holdings in Heartland, distributions from Heartland or any other benefits during the Relevant Time Period.

A hearing was held on June 12, 2009. Plaintiffs were represented by Thomas H. Burt and Jeremy P. Robinson. Heartland was represented by Jeffrey S. Geier. Plaintiffs' Requests 32 and 40 are related, and will be addressed together.

2

Request 27 had been further limited by Plaintiffs to read "[a]ll documents concerning Heartland's ability or inability to monitor, supervise, direct or control, among other things, C&A's officers or directors, but which do not directly mention C&A." Heartland has already provided documents that do mention C&A, which seems the area of discovery that is most likely to be productive. Fed. R. Civ. P. Rule 26(b)(2)(C)(iii) states that the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Request 27, even as rewritten, is still too broad, without limit on where among all of Hartland's documents it is to look and where it may forego the search. This open-ended inquiry, even if "limited" to documents that "do not directly mention C&A" is nearly without limit on what precisely would constitute Heartland's ability or inability to monitor, supervise, direct or control, among other things, C&A's officers or directors. Even limiting the search to documents mentioning any of C&A's officers or directors would require Heartland to examine what is likely thousands of additional pages of documents. Accordingly, given the extensive discovery Heartland has already provided, and the open ended nature of this further request, Plaintiffs' motion to compel as it relates to Request 27 is **DENIED** under Rule 26(b)(2)(C)(iii).

Request 32 and Request 40 concern payments and other compensation that was paid by C&A or Heartland to Daniel P. Tredwell, W. Gerald McConnell, and Samuel Valenti, III ("Individual Heartland Defendants"). Heartland noes that the Individual Heartland Defendants did not receive any compensation from C&A or from either of the two Heartland entity Defendants, but rather the compensation was from Heartland Industrial Group, L.L.C., which is

not a defendant in either action. Because Heartland has already disclosed the several hundred thousand dollar base salaries Heartland paid these outside directors of C&A for services related to more than merely C&A, the additional payments are bonuses paid these individuals, again largely for services unrelated to C&A. Plaintiff asserts Heartland Industrial Group, L.L.C. in performing services for one of the Heartland Defendants was an agent of that Defendant. Plaintiffs argues further that this information about the bonuses – in addition to the healthy base salaries Heartland has already disclosed paying these individuals – would show that Heartland had the ability to exert influence over the Individual Heartland Defendants. Heartland argues that Plaintiffs are seeking to obtain some large bonus dollar amounts to fan the flames of prejudice at trial, and the probative value of these bonuses is little given the hundreds of thousands of base salary Heartland has already acknowledged it paid these individuals. As noted at the hearing, a payment of $ 3 million suggests greater control over the beneficiary than $ 300,000. The issue of whether the prejudicial risk of admitting the bonuses payments outweighs the probative value under Fed. R. Evid. 403 is a question best determined by the trial judge after each side has the facts assembled through discovery to argue the merits of such a 403 challenge. It is inappropriate to rule on such a challenge in the abstract in a discovery dispute. It may be that these bonuses best not be admitted into evidence at trial, but under protective orders in these cases, they can be kept under wraps until that time. Accordingly, subject to the Protective Order in these cases (Dkt. #97 in Case No. 06-13555; Dkt. #137 in Case No. 07-10542), Heartland must produce information relating to any bonuses or other compensation paid to the Individual Heartland Defendants. Thus, Plaintiffs' motion to compel as it relates to Request 32 and Request 40 is **GRANTED**.

SO ORDERED.

Dated: June 15, 2009                                              s/Steven D. Pepe
Ann Arbor, Michigan                                               United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 15, 2009 .

                                                                   s/Jermaine Creary
                                                                   Interim Case Manager