UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAINSTAY HIGH YIELD CORPORATE BOND FUND, | No. 07-10542 |
| Plaintiff, | District Judge Gerald E. Rosen |
| v. | Magistrate Judge R. Steven Whalen |
| HEARTLAND INDUSTRIAL PARTNERS, L.P., ET.AL., | |
| Defendants. | |

| | |
|---|---|
| HANNAH KLEINPETER-FLECK, ET AL., | |
| Plaintiffs, | No. 06-13555 |
| v. | District Judge Gerald E. Rosen |
| COLLINS AND AIKMAN CORPORATION, ET AL., | Magistrate Judge R. Steven Whalen |
| Defendants. | |

/

## ORDER GRANTING PLAINTIFFS' MOTION TO EXCEED 25 INTERROGATORIES

Before the Court in these two actions are the lead Plaintiffs' Joint Motions for Leave to Exceed 25 Interrogatories to Defendants Heartland and David Stockman [Document #157 in case 06-13555, and Document #224 in case 07-10542]. Counsel have agreed that the motion may be decided on the briefs without oral argument, and I also make that determination independently, pursuant to E.D. Mich. L.R. 7.1(e)(2). For the reasons discussed below, the motions will be GRANTED.

Plaintiffs brought these actions as class actions, alleging Defendants' perpetration of a fraudulent scheme in violation of the Securities and Exchange Act. To state the

-1-

obvious, the case is complex, and has been aggressively litigated. Defendant Heartland pled 13 affirmative defenses in response to each complaint. Defendant Stockman pled 12 affirmative defenses in response to the complaint in case no. 06-13555 (the "Egleston Complaint"), and 10 affirmative defenses in response to no. 07-10542 (the "Mainstay Complaint"). Prior to filing this motion, Plaintiffs served nine interrogatories on Defendant Heartland and eleven on Defendant Stockman. They seek to serve 26 additional interrogatories on Defendant Heartland, and 22 additional interrogatories on Defendant Stockman. This would bring the total interrogatories to Heartland to 35, and the total interrogatories to Stockman to 33.

Because the proposed interrogatories to each of these two Defendants total more than 25, leave of the court is required. In this regard, Fed.R.Civ.P. 33(a)(1) provides:

"(a)    In General.

 (1)    *Number*. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."

Defendants make two basic arguments in opposition to the Plaintiffs' request for additional interrogatories. First, they argue that the motion should be denied because the Plaintiffs failed to first seek concurrence, in violation of E.D. Mich. L.R. 7.1(a). Secondly, they argue that Plaintiffs have failed to make a "particularized showing" of why the extra interrogatories are necessary.

Plaintiffs concede that they did not seek Defendants' concurrence before filing the motion, and attribute this to (and apologize for) a "late night oversight." *Plaintiffs' Reply Brief*, document #245, p.1. Of course, the Court expects compliance with the Local Rules and with all rules, and has some concern that condoning violations of the rules might tend

to encourage non-compliance.  Nevertheless, Local Rule 1.2 provides that "[f]or good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the Rules."  Courts have declined to apply L.R. 7.1(a), and proceed to the merits of a motion based on considerations of efficiency and fairness, and in circumstances where it is unlikely that concurrence from the opposing party would be forthcoming.  *See Eagan v. CSX Transp., Inc.*, 294 F.Supp.2d 911, 913 (E.D.Mich.2003)(Gadola, D.J.) ("Defendant's opposition to the motion demonstrates that there is no concurrence in the motion. Furthermore, efficiency would be served by adjudicating the motion. The Court will therefore apply Local Rule 1.2, temporarily suspend the requirement of the local rules for this particular matter, and address the motion even though it does not conform to the Local Rules"); *American Communications Network, Inc. v. Steuben Associates*, 2005 WL 1355070, *2 (E.D.Mich.,2005) (Morgan, M.J.)("Given the past history of the dissension between the parties, any request would have been futile. Indeed, Mr. Williams could have concurred in the relief sought now, but has declined to do so. Dismissal of the motion based on failure to request concurrence would elevate form over substance. The motion should be addressed on its merits"); *Federal Trade Commission v. Mazzoni & Son, Inc*., 2007 WL 1726591, *1, fn.1 (E.D.Mich.2007)(Feikens, D.J.)(proceeds to merits of motion despite movant's failure to seek concurrence).

    In this case, it is evident that Defendants would not have concurred to the relief requested if they had been asked.  In addition, as discussed below, the Plaintiffs' request for additional interrogatories has merit. As in *American Communications, supra*, to deny the motion on purely procedural grounds would elevate form over substance, and run counter to the general principle that cases be tried on their merits, following full

discovery.

The Plaintiffs have shown good cause for serving the interrogatories in question, notwithstanding that they exceed the 25-deposition limit of Rule 33(a)(1). All of the interrogatories are "contention interrogatories," directed specifically at the Defendants' affirmative defenses. All have the same basic format, as typified, for example, in Interrogatory No. 3 to Heartland:

> "With respect to Your contention in Affirmative Defense No. 3 contained in Your Answer to the Egleston Complaint that '[p]ortions of the Complaint are barred by the statute of limitations,' (i) describe with particularity the factual basis for the contention, and (ii) identify All Documents supporting it."

The Defendants have pled numerous affirmative defenses. Plaintiffs have the right to discovery regarding those claims, and the interrogatories are clearly "relevant to the claim or defense" of a party. Fed.R.Civ.P. 26(b)(1). Further, "contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." *Cable & Computer Tech., Inc.,* 175 F.R.D. 646, 652 (C.D. Cal. 1997). This is such a case. As Plaintiffs note, they have answered the Defendants' 20 contention interrogatories directed at each lead Plaintiff.

In addition, it should not be particularly burdensome for Defendants to answer these interrogatories. Fed.R.Civ.P. 11 requires a party to have a factual basis for his or her allegations, including affirmative defenses. The information that Plaintiffs seek would therefore have been available to the Defendants before they filed their affirmative defenses. The court in *Firetrace USA, LLC v. Jesclard,* 2009 WL 73671,*2 (D.Ariz. 2009), described the interplay of Rule 33 and Rule 11 as follows:

> "Logic adopted by the Court's sister-districts in California counsels against deferral of a contention interrogatory response under Rule 33(a)(2) by

-4-

incorporating Federal Rule of Civil Procedure 11 ('Rule 11') into the
analysis, a rule which requires that all federal court submissions include
only non-frivolous legal arguments and factual assertions based on
evidentiary support. Fed.R.Civ.P. 11(b)(2)-(3). According to this logic,
Defendants, who asserted affirmative defenses in their Answer, must have
contemplated a Rule 11 basis in law or fact when they asserted these
defenses and should be required to reveal this Rule 11 basis, as well as
other presently-known facts on the matter, when responding to Plaintiffs'
contention interrogatory, regardless of how much discovery has transpired.
*See e.g. U.S. ex rel. O'Connell v. Chapman Univ.,* 245 F.R.D. 646, 649
(C.D.Cal.2007) ('Requiring a party to answer contention interrogatories is
"consistent with Rule 11 of the Federal Rules of Civil Procedure, [which
requires that] plaintiffs must have some factual basis for the allegations in
their complaint (4)27"' ) (citing *In re One Bancorp Sec. Litig.,* 134 F.R.D.
4, 8 (D.Me.1991)); *U.S. v. Boyce,* 148 F.Supp.2d 1069, 1086
(S.D.Cal.2001) (same)."

Given the Defendants' presumptive familiarity with the factual underpinnings of

their affirmative defenses, the burden to them of answering the interrogatories would be

small in comparison to the burden on the Defendants of sifting through what the

Defendants concede are "approximately 15 million pages of document discovery."

*Defendant Heartland's Response*, document #236, p.4.  Indeed, Rule 33(d) provides that

if an interrogatory is answered with reference to business records, such records must be

identified with specificity, and a "specification shall be in sufficient detail to permit the

interrogating party to locate and to identify, as readily as can the party served, the records

from which the answer may be ascertained."  Far from supporting their position, the

Defendants' reference to the astronomical number of documents in this case weighs in

favor of permitting the Plaintiffs' contention interrogatories.  I also note that the

interrogatories merely ask the Defendants to *identify* relevant documents, not to produce

them.

Finally, prior to filing their motion, the Plaintiffs had served less than 25

interrogatories on each Defendant and their present request puts them only slightly over

the limit.  The Defendants have not satisfactorily explained why they did not answer any

of the additional interrogatories, even those that would have been within the 25-deposition limit.

Therefore, Plaintiffs' Joint Motions for Leave to Exceed 25 Interrogatories to Defendants Heartland and David Stockman [Document #157 in case 06-13555, and Document #224 in case 07-10542] are GRANTED. Defendants Heartland and Stockman shall answer, respectively, (1) Lead Plaintiffs' Joint Third Set of Interrogatories Directed to Defendants Heartland Industrial Partners, L.P., and Heartland Industrial Associates, L.L.C.; and (2) Lead Plaintiffs' Joint Second Set of Interrogatories Directed to Defendant David A. Stockman, within 21 days of the date of this Order.

SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 30,2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 30,2009.


s/Susan Jefferson
Case Manager